UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

KENDRICK LAMAR DEAL, )
)
    Petitioner, )
)
v. ) CV423-264
)
SHERIFF JOHN WILCHER, )
)
    Respondent. )

## ORDER AND REPORT AND RECOMMENDATION

The Court previously screened *pro se* Petitioner Kendrick Lamar Deal's 28 U.S.C. § 2241 Petition. *See* doc. 6. The undersigned concluded that Deal's Petition should be dismissed because he failed to exhaust available state remedies and based on the abstention principles established in *Younger v. Harris*, 401 U.S. 37 (1971). *See id.* at 3-6. The Court noted that there was some ambiguity in his allegations concerning his efforts to seek relief in state court. *See id.* at 4 n. 2-3. In an apparent attempt to address that ambiguity, Deal has submitted an Amended Petition. *See* doc. 9. Since he has not previously amended, he is entitled to amend as a matter of course. *See* Fed. R. Civ. P. 15(a)(1); *see also* Rule

1

12, Rules Governing Section 2254 Cases.[1]  His Amended Petition, therefore, becomes the operative pleading and the original Petition is rendered moot.  *See Pintando v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) ("As a general matter, an amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment and is no longer a part of the pleader's averments against his adversary." (internal quotation marks, alterations, and citations omitted)); *Shaw v. Allen*, 701 F. App'x 891, 894 (11th Cir. 2017) ("We have held that the district court lacks the discretion to deny an amendment as futile when the party has the right to amend as a matter of course under Rule 15(a)(1)).  Accordingly, the Report and Recommendation is **VACATED**, doc. 6, and the Court proceeds to screen the Amended Petition.[2]  *See* Rule 4, Rules Governing Section 2254 Cases ("If it plainly appears from the petition and any attached exhibits that the petitioner

---

[1] The Rules Governing Section 2254 Cases also govern petitions pursuant to § 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases.
[2] The Court previously recommended that Deal's request for monetary damages be dismissed, as they are not proper in a § 2241 proceeding.  *See* doc. 6 at 2-3.  Deal's Objection concedes that those claims are improper and "he omits and forfeits such claim and relief [sic]."  Doc. 7 at 1.  There is no request for monetary relief in his Amended Petition.  *See generally* doc. 9.

is not entitled to relief in the district court, the judge must dismiss the petition . . . .").

Deal alleges that he was "falsely arrested" in Pooler, Georgia in June 2022. Doc. 9 at 6. He asserts that his warrantless arrest, without probable cause, warrants his immediate release. *Id*. He also alleges that he was not given an "initial appearance / probable cause hearing." *Id*. He also alleges that his counsel has provided ineffective assistance "by her failure to communicate / [a]dvocate and return correspondence." *Id*. at 7. He alleges that he has pursued some remedies in his criminal case, which is pending in the Superior Court of Chatham County, although the exact nature of the procedures invoked remains unclear. *See id*. at 2-5. He first alleges that he asserted the four grounds summarized above on July 9, 2023, but has not received any disposition of his filing. *Id*. at 2. He filed second and third pleadings on July 30, 2023 and September 11, 2023, also apparently still pending. *Id*. at 3. Also on September 11, 2023, he filed an "Administrative Legal Case Inquiry" in the Superior Court, which remains pending. *Id*. at 5. It is unclear whether the filing

3

identified as an "appeal" and the "Inquiry," which were both allegedly filed on September 11, represent the same or distinct filings.

As a pretrial detainee, a § 2241 petition is the proper means for Deal to seek release from custody. *See, e.g., Hiteshaw v. Butterfield*, 262 F. App'x 162, 164 (11th Cir. 2008) ("[A] pre-trial detainee . . . is not in custody pursuant to any state court judgment, and his habeas petition should . . . [be] treated as a § 2241 petition."). The Eleventh Circuit has explained, however, that "a district court may not grant a § 2241 petition unless the petitioner has exhausted all available state remedies." *Johnson v. Florida*, 32 F.4th 1092, 1095-96 (11th Cir. 2022) (internal quotation marks and citation omitted). The Court explained that exhaustion has two essential elements: (1) "a federal claim must be fairly presented to the state courts," and (2) "a prisoner must take his claim to the state's highest court, either on direct appeal or on collateral review." *Id.* at 1096 (internal quotation marks and citations omitted).

Deal's Amended Petition is clear that he has attempted to present the asserted grounds in his state proceeding, as summarized above. However, he has not received any disposition of those assertions from the Superior Court, much less appealed any such disposition to "the state's

4

highest court." His Objection to the prior Report and Recommendation is clear that "the Superior Court has yet to address these motions." Doc. 7 at 2. He suggests that some "have not been addressed within the statutory time frame," *id.* at 3, but it is unclear what statute Deal asserts imposes any time limit—much less a time limit less than four months—upon the Superior Court to dispose of his motions. While the exhaustion requirement may be excused for futility, the relatively brief period during which Deal's filings have allegedly been pending in the Superior Court is insufficient to even suggest futility. *Cf. Johnson*, 32 F.4th at 1097 (noting exhaustion might be excused on futility grounds where the state-court case was "completely dormant for over one year" (internal quotation marks and citation omitted)). Even assuming that the delay were inappropriate, courts have noted that Georgia law would permit him to petition to seek a writ of mandamus. *See, e.g., Russell v. Dunaway*, 2015 WL 13741090, at *1 (N.D. Ga. June 19, 2015).

Even if mandamus were not required, a state habeas petition provides a mechanism for Deal to present his claims to the state courts. Under Georgia law, "[a]ny person restrained of his liberty under any pretext whatsoever, except under sentence of a state court of record, may

seek a writ of habeas corpus to inquire into the legality of the restraint." O.C.G.A. § 9-14-1(a).  Deal must exhaust all available remedies provided under state law before he can seek relief in this Court.  *Cf. Daker v. Sapp*, 2019 WL 3713713, at *6 (S.D. Ga. Aug. 6, 2019) ("Federal habeas corpus should not be used as a pretrial motion forum for state prisoners." (internal quotation marks and citation omitted)).  Deal's suggestion, in his Objection to the prior Report and Recommendation, that he need not present his claims through a state habeas petition because the jail will not provide him with "forms" is unavailing.  *See* doc. 7 at 4.  The only formal requirement imposed on habeas petitions under Georgia law is that they be "in writing, signed by the applicant," include specified information, and be verified.  O.C.G.A. §§ 9-14-3, 9-14-4.  While a pre-printed form might facilitate the preparation of a state petition, lack of such a form certainly does not appear to preclude Deal's filing.  The fact that Deal finds the procedure for seeking relief in state court daunting does not permit him to simply avoid it.

 This Court should also abstain from hearing this case pursuant to the Supreme Court's opinion in *Younger v. Harris*, 401 U.S. 37 (1971). *See Johnson*, 32 F.4th at 1099 (explaining that an unexhausted § 2241

petition "is barred for another independent reason: the application of the abstention doctrine under *Younger v. Harris* . . . ."). The Eleventh Circuit has recently denied a Certificate of Appealability in a state pre-trial detainee's habeas proceeding, concluding that "reasonable jurists would not debate" that dismissal of a § 2241 petition was proper, pursuant to *Younger*. *See Lewis v. Broward Cnty. Sheriff Office*, 2021 WL 5217718, at *1 (11th Cir. Nov. 9, 2021). The Court explained that "when a petitioner seeks federal habeas relief prior to a pending state criminal trial the petitioner must satisfy the *Younger* abstention hurdles before the federal courts can grant such relief.'" *Id.* (quoting *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1262 (11th Cir. 2004)).

"The Supreme Court set out three exceptions to the [*Younger*] abstention doctrine: (1) there is evidence of state proceedings motivated by bad faith; (2) irreparable injury would occur; or (3) there is no adequate, alternative state forum where the constitutional issues can be raised." *Lewis,* 2021 WL 5217718, at * 1 (citing *Younger*, 401 U.S. at 45, 53-54). The court concluded: "Application of the *Younger* abstention doctrine is, therefore, appropriate when the federal constitutional claims at issue can be raised in an ongoing state court proceeding and the

7

individual seeking relief has not established that he lacks an adequate opportunity to present those claims in the state proceeding." *Id.* (citing *Younger*, 401 U.S. at 49). Deal's Objection states, in a wholly conclusory fashion, that the "state proceedings [are] motivated by bad faith," and that restrictions on his access to legal materials render the state forum unavailable. *See* doc. 7 at 4-5. However, "vague and conclusory allegations . . . do not rise to the level necessary to justify an exception to *Younger* abstention." *Davis v. Self*, 547 F. App'x 927, 931 (11th Cir. 2013). In addition to being conclusory, Deal's allegations concerning his access to legal materials are simply incomprehensible. He clearly asserts the merits of his grounds for relief in his filings with this Court, with citations to legal authority. *See, e.g.,* doc. 7 at 5-8. The Court can conceive of no reason why he contends he is unable to simply present those same arguments and authorities in a state forum. *Cf. Thomas v. Disanto*, 762 F. App'x 770, 773 n. 4 (11th Cir. 2019) (exception to *Younger* not warranted where litigant "just disagrees with the state court proceedings.").

  The face of Deal's Amended Petition shows, therefore, that his claims are unexhausted and that they appear to be barred by *Younger*

abstention. Accordingly, the petition should be **DISMISSED**. This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D.

Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue.  28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal).  And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith.  Thus, *in forma pauperis* status on appeal should likewise be **DENIED**.  28 U.S.C. § 1915(a)(3).

    **SO ORDERED AND REPORTED AND RECOMMENDED**, this 6th day of October, 2023.

                                                _____
                                                CHRISTOPHER L. RAY
                                                UNITED STATES MAGISTRATE JUDGE
                                                SOUTHERN DISTRICT OF GEORGIA